THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
HARRY REINBOLZ, Defendant-Appellant.

Second District   No. 77-112

Opinion filed September 15, 1978.

Ralph Ruebner and Allen L. Wiederer, both of State Appellate Defender's
Office, of Elgin, for appellant.

William J. Cowlin, State's Attorney, of Woodstock (Phyllis J. Perko and Martin
P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

On July 2, 1976, the defendant herein pled guilty to the charge of
unlawful delivery of more than 30 grams but less than 500 grams of
cannabis, in violation of section 7 of the Cannabis Control Act (Ill. Rev.
Stat. 1975, ch. 56½, par. 705(d)). The defendant was then sentenced to one
year periodic imprisonment and fined $1000. On October 19, 1976, the
McHenry State's Attorney filed a petition for revocation of the
defendant's sentence of periodic imprisonment, alleging therein that the
defendant had violated the conditions of his sentence by possessing less
than 2½ grams of cannabis.

On November 9, 1976, a hearing was held on the defendant's motion to
suppress statements made at the time his violation was discovered on the
grounds that he had not been given his *Miranda* warnings. The testimony
revealed that on the afternoon of October 17, 1976, the work-release
dormitory of the McHenry County jail was subjected to a "shakedown"
search by sheriff's deputies. During the search of a locker within that area
Deputy Mark Jacobsen discovered food, money and a tube of salve
prescribed for the defendant herein. The defendant admitted that these
items were his. The defendant was then told by Deputy Medina to

remove these items from the jail as they were in violation of jail rules. Meanwhile, Deputy Jacobsen, who was still searching the defendant's locker, discovered a handrolled cigarette in the breast pocket of a jail uniform jacket which had been hanging therein. Concealing the cigarette in his hand, Deputy Jacobsen raised the jacket and generally inquired of all those present, including the defendant, whose jacket it was. The defendant responded that the jacket was his. At this point Deputy Jacobsen gave the cigarette to Sergeant Kotke and told him where he had discovered it. The defendant denied any knowledge of the cigarette or of its presence within the jacket or the locker. The cigarette was opened on the scene and was found to contain an amount of cannabis, a fact verified by laboratory analysis. The defendant was then transferred to a different section of the jail. After hearing the preceding testimony the court denied the defendant's motion. Subsequently defendant's periodic sentence was revoked and he was resentenced to 15-30 months imprisonment. The defendant's major premise is that, since he was a prisoner when Deputy Jacobsen asked about the jacket, what existed was "custodial interrogation" and, therefore, prior to any questioning he should have been given the warnings mandated by *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602. Based on that premise, the defendant contends that the statements obtained allegedly in violation of *Miranda* must be excluded from a sentence revocation or modification hearing. In the briefs filed with this court both sides have emphasized this issue. The defendant has cited the cases of *People v. Bell* (1977), 50 Ill. App. 3d 82, 365 N.E.2d 203, and *People v. McMillan* (1977), 51 Ill. App. 3d 940, 367 N.E.2d 494, to support his position that the exclusionary rule must apply at a sentence revocation or modification hearing, and he urges that we reverse our holding in *People v. Peterson* (1977), 50 Ill. App. 3d 853, 365 N.E.2d 1172, which held to the contrary. In our view all three of these cases are inapposite here. In each of them there was no question but that the evidence sought to be excluded was constitutionally defective, either technically or otherwise. This is not the situation before us. Here the issue, which has not been briefed or argued by the parties, is whether the defendant was in a situation of "custodial interrogation" within the purview of *Miranda* when Deputy Jacobsen posed his general interrogatory concerning the jacket to the assembled work release inmates. See *People v. Elkins* (1978), 60 Ill. App. 3d 883, 377 N.E.2d 569, and *People v. Myles* (1978), 62 Ill. App. 3d 931, 379 N.E.2d 897.

After a careful review of the record, we hold that until the defendant was removed from the work release dormitory he was not yet a subject of investigative custody. While there is no doubt that this defendant was in the "custody" of the jail authorities at the time of the "shakedown," it is equally clear that the custody was in no way related to the accusation of a

crime but it was custody which was wholly penal in nature. Such penal custody, in our considered opinion, does not mandate the giving of *Miranda* warnings every time jail guards speak to or make inquiry of a prisoner. To hold any other way would be to reduce the holding of *Miranda* to the absurd. This we will not do.

Since we have found that the defendant's statement regarding his ownership of the jacket was not constitutionally defective, we need not and do not reach the issue of whether it was properly introduced at the sentence modification hearing. The order of the trial court modifying the defendant's sentence is therefore affirmed.

Affirmed.

SEIDENFELD, P. J., and NASH, J., concur.